# Lee Litigation Group, PLLC

148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

**Via ECF**  March 20, 2025
Hon. John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

Re:    *Estevez v. Chinese American Planning Council Home Attendant Program, Inc., et al.*
       Case No. 1:24-cv-07069 (JPC)(BCM)

Dear Judge Cronan:

We are counsel for Plaintiff in the above-captioned matter and write to oppose Defendants' request to file a motion to stay discovery. For the reasons set forth below, the Court should deny Defendants' request and order Defendants to comply with their discovery obligations, in accordance with the So Ordered Case Management Plan (Dkt. No. 22).

Defendants seek to file a motion to stay discovery until thirty (30) days after the decision on the pending motion to dismiss. However, a pending motion to dismiss does not warrant a stay of discovery. To the contrary, the Court was fully aware of Defendants' motion to dismiss when it ordered the parties to submit a joint proposed discovery schedule, indicating the Court's expectation that the parties engage in discovery notwithstanding the motion to dismiss. *See* Memo Endorsement at Dkt. No. 17 (granting Defendants' request for an extension of the briefing schedule on their motion to dismiss and *also* ordering the parties to file a joint proposed case management plan and scheduling order). In accordance with the Court's Order, briefing on Defendants' motion to dismiss commenced on January 28, 2025, and the parties' joint proposed CMP was filed on February 7, 2025. The Court So Ordered the CMP on February 11, 2025 (Dkt. No. 22).

In accordance with the So Ordered CMP, the parties exchanged initial disclosures and requests for discovery. Now, days before Defendants' discovery responses are due, Defendants request to file a motion to stay discovery. Defendants were aware of their preference to stay discovery before the parties initiated discovery, and, in fact, in a footnote in the joint proposed CMP requested the Court stay discovery. *See* Dkt. No. 21 at 1 ¶ 6. The CMP was So Ordered and Defendants' request was not granted. *See* Dkt. No. 22. Defendants could have filed their pre-motion letter weeks ago, or at the least requested clarification on the status of their request, like they did regarding the dispute regarding the deadline to file amended pleadings (*see* Dkt. No. 23, dated February 12, 2025). They did not. Defendants claim engaging in discovery while the motion to dismiss is pending would be burdensome, but still they have already initiated discovery.

In their pre-motion request, Defendants also state their intent to move to compel arbitration and request a stay of discovery if the Court does not grant Defendants' motion to dismiss with

regard to certain putative class members. However, the proper time for Defendants to bring such a motion would be after class certification, not following the Court's decision on the motion to dismiss. *See Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 234 (S.D.N.Y. 2020) ("In the context of class action litigation, courts repeatedly have held that the earliest time to move to compel arbitration is after class certification. At that juncture, previously putative class members first become subject to a court's jurisdiction."). Additionally, given the wording in Defendants' CBA, whether or not putative class members are subject to arbitration would be a fact intensive inquiry.

Moreover, Defendants' request for a stay is unlikely to succeed on the merits as it would require the Court to make the following determinations: (i) that Defendants are not employer to Plaintiff or the putative class, and (ii) that a dismissal as to putative class members is appropriate at the motion to dismiss stage of this case due to potential arbitration agreements. Both arguments fail as a matter of law.

In view of the foregoing, the Court should deny Defendants' request and order Defendants to comply with their discovery obligations, in accordance with the So Ordered Case Management Plan (Dkt. No. 22). We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF

Defendants' request for leave to file a motion to stay discovery, Dkt. 31, is granted. Defendants shall file the motion on or before April 14, 2025. Plaintiff shall file an opposition on or before May 5, 2025. Defendants may file a reply on or before May 16, 2025. The Clerk of Court is respectfully directed to close Docket Number 31.

SO ORDERED.
Date: March 21, 2025
New York, New York

JOHN P. CRONAN
United States District Judge