**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WENDY JOEL ESTEVEZ, on behalf of herself, FLSA Collective Plaintiffs, and the Class,<br><br>                      Plaintiff,<br><br>v.<br><br>CHINESE AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM INC., et al.,<br><br>                     Defendants. | 1:24-cv-07069 (JPC)(BCM)<br><br><br>**STIPULATION AND**<br>**PROTECTIVE ORDER** |

JOHN P. CRONAN, U.S.D.J.

      WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the production, review and handling of materials produced in the above-captioned case in the pretrial phase of this action;

      IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, any Party or non-party providing or receiving discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order— shall adhere to the following terms upon pain of contempt:

1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., all documents, electronically stored information ("ESI"), interrogatory responses, responses to document demands, responses to requests for admission, depositions or other testimony, or other information produced or disclosed by any party or non-party, and the contents thereof, in discovery in this Action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.    The Parties shall act in good faith in designating documents or information hereunder as Confidential Material. "Confidential Material" as used herein means any type or classification of document or information, whether it be a document, information contained in a document, electronically memorialized information, information revealed during a deposition, information contained in an interrogatory answer or response to a document request, or any other form of information that a Party or third party in good faith considers to be, reflect, or reveal its own confidential, proprietary, trade secret, sensitive business, personal, intimate, technical, health, personally identifiable information ("PII"), or financial information, or that is subject to contractual or other duty of confidentiality owed to a third party, the disclosure of which the Party or third party in good faith believes would invade the confidentiality or privacy of any Party or third party; provided, however, that wage records with respect to Plaintiff and prospective collective or class members shall not be deemed confidential except to the extent that such records include PII or other personal or confidential information.

3.    The Parties shall address with the Court at the final pretrial conference the use of Confidential Material at a hearing or trial or other proceeding in this Action, but nothing contained herein shall impair or limit evidence introduced at trial or at any hearing.

2

4.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted except where the entirety of the Discovery Material is marked Confidential. Any materials not being so designated shall not be governed by this Protective Order. In lieu of marking the originals of documents, the Parties may mark the copies that are produced or exchanged.

5.      Counsel for a party receiving Confidential Material may make a reasonable number of copies of such Confidential Material, and such copies also shall be subject to the terms of this Protective Order.

6.      The inadvertent production by any of the undersigned Parties without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential." If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing within twenty (20) days of the discovery of the inadvertent production, together with a further copy of the subject document(s) designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document shall promptly destroy the inadvertently produced document and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such document to counsel for the producing Party and shall retain only the "Confidential" designated materials.

\4156-4302-2684 v1

Should the receiving Party choose to destroy such inadvertently produced document, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, such law shall govern, and such designated position[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

7.    Materials marked "Confidential" pursuant hereto and their contents shall be used solely for purposes of the Action and not for any other purpose, including any business, commercial, competitive, or client seeking purpose and shall not be disseminated in any manner, orally or in written form, to anyone other than:

(a)    the Parties to this Action, which in the case of corporate Parties shall include the officers, directors and employees of such corporate Parties reasonably and in good faith deemed necessary to aid counsel in the prosecution of this Action;

(b)    counsel of record for the Parties, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter only to the extent necessary to render professional services in this Action;

(c)    counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

(d)    any insurance carriers who either party reasonably and in good faith determines has a need to review the materials

(e)    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided, however, that (1) such person may not retain any documents marked as Confidential, (2) prior to the disclosure of any Discovery Materials designated as Confidential, such person has executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

4

(f)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, who are assisting counsel in the prosecution or defense of this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     court reporters or stenographers present in their official capacity at any hearing, deposition, or other proceeding conducted in this Action;

(h)     outside vendors or service providers that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(i)     any mediator or arbitrator that the Parties engage in this matter or that the Court appoints; and

(j)     any other person designated by the Court, upon such terms as the Court may deem proper.

Notwithstanding the foregoing, it is expressly understood and agreed that disclosure of Confidential Materials to a witness or expert who does or did not otherwise have access to same will be limited to those Confidential Materials reasonably related to the witness's knowledge of the underlying facts and/or the subject of the witness's potential testimony.

8.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs [5(d)] or [5(e)] above, such person shall be provided by counsel with a copy of this Protective Order and counsel shall review the terms of this Protective Order with the witness, informing the witness (i) that Confidential Material is being disclosed solely for purposes of this Action and for use only in this Action; and (ii) that the witness is bound by the terms of this Protective Order. Such person shall also sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall maintain a record identifying the witnesses to whom disclosure was made and indicating that the terms of this Paragraph have been satisfied, and also retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing

counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.      Such persons (as described herein) having knowledge of Confidential Materials shall use such documents and knowledge for the purpose of the conduct of this Action only, and shall not disclose such Confidential Materials, their contents, any portion or summary thereof, to any person or persons not involved in the conduct of this Action, nor utilize, rely upon, or refer to such Confidential Materials, their contents, or any portion or summary thereof, in any litigation or other proceeding or any type, other than the Action.

10.      Any third party who produces documents with respect to this Action shall be provided with a copy of this Order and shall have the opportunity to designate documents and information as "Confidential." All records containing Confidential Material originating with a third party shall also be covered by this Order and be deemed "Confidential." This Order does not substitute for or limit any obligation imposed on the Parties by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or by New York Public Health Law, Section 2805-m.

11.      All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court, subject to the rules of the Court. Nothing in this paragraph shall require a Party to deviate from applicable rules regarding the filing of documents under seal. Nothing in this paragraph shall require a Party producing Confidential information to file its own Confidential information under seal.

12.      Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary

circumstances), counsel for the Parties shall attempt to resolve such dispute in good faith on an informal basis. If a resolution is not reached within ten (10) days of the objection, the objecting Party may present a motion to the Court for an <u>in-camera</u> inspection and/or a determination regarding confidentiality within twenty (20) days after raising the objection. Any documents or information that are designated as Confidential Material shall be treated as such unless and until the Court rules that such materials are not confidential. The burden of establishing confidentiality remains at all times on the party asserting confidentiality.

13.     This Order shall not: (a) prejudice in any way the right of a party to object to the production of documents or information it considers not subject to discovery; (b) prejudice in any way the right of a party to seek a court determination as to whether particular material should be produced in discovery; (c) prejudice in any way the right of a party to object to the introduction into evidence of any documents or information it considers inadmissible at trial; or (d) prejudice in any way a party's right to use its own documents or information, which may or may not have been designated by a party as "Confidential," in any manner and without consent of the opposing party or Court.

14.     Any Party who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement, counsel for the Parties will address their dispute with the Court.

15.     Each person who has access to Discovery Material that has been designated as Confidential shall maintain the Confidential Material in a secure manner and take all due precautions to prevent the disclosure of such material except in connection with this Action and as permitted hereunder.

7

16. The inadvertent, unintentional or <u>in camera</u> disclosure of Confidential Materials shall not be deemed a waiver of any claims of confidentiality.

17. If, in connection with this litigation, a party inadvertently discloses documents, data and other information subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the attorney work-product doctrine ("Protected Documents"), such disclosure shall not constitute or be deemed a voluntary disclosure of the Protected Document. The inadvertent disclosure or production of any Protected Document in this Action shall not result in the waiver or forfeiture of any privilege, evidentiary protection or other protection associated with such Protected Document and shall not result in any waiver of any kind, including subject matter waiver.

18. If, during the course of this litigation, a Party determines that any material disclosed or produced by another Party is or may reasonably be a Protected Document:

(a) the Party receiving Protected Document such shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the Party that produced the Protected Document in writing that it has discovered materials believed to be privileged or protected; and (iii) specifically identify the Protected Documents by bates number range or hash value. Notwithstanding, the receiving party is under no obligation to search or review the disclosing party's materials to identify potentially privileged or work product Protected Documents.

(b) If the disclosing party intends to assert a claim of privilege or other protection over materials identified by the receiving party as Protected Documents, the disclosing party will, within ten (10) days of receiving the written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents, setting forth the basis for the claim of privilege or other protection. Within ten (10) days of receiving notice from the disclosing party that the document is a Protected Document, the receiving party shall return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document

8

extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party. In the event that any portion of a Protected Document does not contain privileged or protected information, the disclosing party shall provide to the receiving party a redacted copy of the document that omits the information that the disclosing party believes is subject to a claim of privilege or other protection.

19.   If, during the course of this litigation, a Party determines it has produced a Protected Document:

(a)   The disclosing party must make a written claim of inadvertent disclosure to the receiving party and demand return of the Protected Document. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The disclosing party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the disclosing party shall also provide to the receiving party a redacted copy of the Protected Document that omits the information that the disclosing party believes is subject to a claim of privilege or other protection.

(b)   The receiving party must, within ten (10) days of receiving the disclosing party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

20.   To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the disclosing party as set forth in Paragraphs [18(b)] and [19(a)], then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

21.     The receiving party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the disclosing party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, provided that this Order has been complied with, the receiving party is prohibited and estopped from arguing that:

    (a)    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    (b)    the disclosure of the Protected Documents was not inadvertent; or

    (c)    the disclosing party did not take reasonable steps to prevent the disclosure of the Protected Documents.

22.     Either Party may make a motion for leave to electronically file Protected Documents with the Court under seal pursuant to the Southern District of New York's Electronic Case Filing Rules & Instructions for a determination of the claim of privilege or other protection. The disclosing party shall preserve the Protected Documents until such claim is resolved.  The receiving party may not use the Protected Documents for any purpose absent Court Order.

23.     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

24.     Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

\\4156-4302-2684 v1

25.     Nothing herein shall preclude the Parties from entering into a subsequent agreement, executed by counsel for the Parties, to withdraw a "Confidential" designation in connection with any motions or the trial of this Action.

26.     All Confidential Material shall be used solely for the purpose of the prosecution or defense of this Action, including any appeals or retrials.

27.     This Protective Order shall survive the termination of the litigation. Upon final termination of this action and any appeals, all Discovery Material designated as "Confidential," and all copies and excerpts thereof, shall, upon written request, be promptly returned to counsel for the producing party, or, upon permission of the producing person and as confirmed in writing, destroyed.

28.     All persons subject to this Protective Order acknowledge that a willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| _____ | _____ |
| Lee Litigation Group, PLLC | Hogan Lovells US LLP |
| | |
| _____ | _____ |
| Dated: | Dated: |

**SO ORDERED.**     Any requests for sealing shall comply with the Court's Individual Civil Rules.

_____
**JOHN P. CRONAN, U.S.D.J.**

**Dated: New York, New York**
     May 14, 2025

11

4156-4302-2684 v1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WENDY JOEL ESTEVEZ, on behalf of herself, FLSA Collective Plaintiffs, and the Class,<br><br>                                   Plaintiff,<br><br>        v.<br><br>CHINESE AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM INC., et al.,<br><br>                                   Defendants. | 1:24-cv-07069 (JPC)(BCM)<br><br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have carefully read and understand the Protective Order in this action, and agree that I will adhere to and abide by all of the provisions of said Order. I agree that I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action any information designated "Confidential" that I receive in this Action, except as otherwise permitted under the terms of the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____

                                                                    _____
                                                                    Signature

                                                                    _____
                                                                    Printed

\\4156-4302-2684 v1